BROWNSTEIN HYATT FARBER SCHRECK, LLP
Lucas E. Garcia, Bar No.  341529
lgarcia@bhfs.com
2029 Century Park East, Suite 950
Los Angeles, California  90067-2918
Telephone:  310.500.4600
Facsimile:   310.500.4602

Attorneys for Defendant
AIR METHODS, LLC

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, California 90067-2918

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA - EASTERN DIVISION

| | |
|---|---|
| PAIGE ESTRADA, an individual, | Case No. |
| Plaintiff, | **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** |
| v. | |
| JAMES STEELE, an individual; AIR METHODS, LLC, and DOES 1 through 50, | [San Bernardino Superior Court Case No. CIVSB2537534] |
| Defendants. | |

**TO THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA, EASTERN DIVISION AND TO PLAINTIFF AND HER ATTORNEYS OF RECORD**:

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant AIR METHODS, LLC ("Air Methods") hereby removes Case No. CIVSB2537534 (the "State Court Action") from the Superior Court of the State of California for the County of San Bernardino to the United States District Court for the Central District of California, Eastern Division. As grounds for removal, Defendant states as follows:

NOTICE OF REMOVAL TO UNITED
STATES DISTRICT COURT

50746138

## I.    NATURE OF THE ACTION[1]

1.    On December 23, 2025, Plaintiff Paige Estrada ("Plaintiff") filed a Complaint for Damages and Demand for Jury Trial in the Superior Court of the State of California, County of San Bernardino, styled *Paige Estrada v. James Steele, an individual; Air Methods, LLC, and Does 1 through 50*, Case No. CIVSB2537534 (the "Complaint"). A true and correct copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit A**.

2.    The Complaint arises out of Plaintiff's employment with Air Methods as a Flight Nurse at Air Methods' location in Hesperia, California. Compl. ¶¶ 2, 12, **Ex. A**. Plaintiff alleges that Defendant JAMES STEELE ("Steele"), a Regional Relief Pilot, made unwelcome sexual comments and engaged in harassing conduct toward Plaintiff during work shifts, and that Air Methods failed to take adequate corrective action and ultimately terminated Plaintiff's employment in retaliation for her complaints. Compl. ¶¶ 27, 41-44, **Ex. A**.

3.    Plaintiff asserts five causes of action: (1) Harassment in Violation of Cal. Gov. Code §§ 12940(j) and (k); (2) Retaliation in Violation of Cal. Gov. Code § 12940(h); (3) Failure to Prevent Discrimination, Retaliation, and Harassment in Violation of Cal. Gov. Code § 12940(k); (4) Wrongful Termination in Violation of Public Policy; and (5) Retaliation in Violation of Cal. Lab. Code § 1102.5(b).

4.    Plaintiff seeks general and compensatory damages, special damages, past and future lost earnings and employment benefits, emotional distress damages, prejudgment interest, statutory penalties under Labor Code § 1102.5(f), attorneys' fees and costs, punitive and exemplary damages, and such other and further relief as the Court deems just and proper.

---

[1] The following allegations come from Plaintiff's Complaint, and are summarized here for the convenience of the Court. Defendant does not concede that any of Plaintiff's allegations are true at this time.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, California 90067-2918

NOTICE OF REMOVAL TO UNITED
STATES DISTRICT COURT

- 2 -

50746138

## II.   TIMELINESS OF REMOVAL

5.   This notice of removal is timely under 28 U.S.C. § 1446(b), which requires the filing of a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action . . . is based." The Complaint was filed on December 23, 2025. Air Methods was served with the Complaint through its registered agent, CT Corporation System, in Glendale, California, on February 26, 2026. This Notice of Removal is being filed within 30 days of service and is therefore timely. A true and correct copy of the Service of Process Transmittal in the State Action is attached hereto as **Exhibit B**.

6.   This removal is also timely under the one-year limitation set forth in 28 U.S.C. § 1446(c)(1). The State Court Action was commenced on December 23, 2025, and this removal is being filed well within one year of that date.

7.   Venue is proper for purposes of removal in this Court because the U.S. District Court for the Central District of California, Eastern Division, is "the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The State Court Action is pending in the Superior Court of the State of California, County of San Bernardino, which is located within the Eastern Division of the Central District of California.

## III.   CONSENT

8.   Pursuant to 28 U.S.C. § 1446(b)(2)(A), "all defendants who have been properly joined and served must join in or consent to the removal of the action." Both Air Methods and Steele have been named as defendants in the Complaint. Steele has not yet been served, and thus he is not required to join or consent to the removal of this matter.

9.   The fictitiously named Doe Defendants (Does 1 through 50) need not consent to removal, as their identities are unknown and they have not been served.

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, California 90067-2918

- 3 -

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

50746138

*See* 28 U.S.C. § 1441(b)(1); *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1193 n.1 (9th Cir. 1988); *Destfino v. Reiswig*, 630 F. 3d 952, 956-957 (9th Cir. 2011).

## IV.    REMOVAL JURISDICTION UNDER 28 U.S.C. § 1332(a)

10.    This Court has original jurisdiction over the State Court Action under 28 U.S.C. § 1332(a), which confers jurisdiction on federal courts over civil actions where the matter in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different States. Both requirements are satisfied here.

### A. Complete Diversity of Citizenship Exists

11.    Plaintiff Paige Estrada is an individual who resides in the State of California, in the County of San Bernardino. Plaintiff is therefore a citizen of California for purposes of 28 U.S.C. § 1332.

12.    Air Methods is a limited liability company organized under the laws of the State of Delaware. For purposes of diversity jurisdiction, a limited liability company is a citizen of every state of which its owners or members are citizens. *Johnson v. Columbia Props. Anchorage*, LP, 437 F.3d 894, 899 (9th Cir. 2006). Since the citizenship of an LLC must be traced through each tier of membership until reaching either an individual or a corporation, Defendant sets forth Air Methods' ownership chain.

13.    As set forth in the Declaration of Michael Wall (the "M. Wall Decl."), attached hereto as **Exhibit C**, Air Methods' sole member is ASP AMC Intermediate Holdings, LLC ("ASP AMC"). ASP AMC is a limited liability company organized under the laws of the State of Delaware. M. Wall Decl. ¶¶ 2, **Exh. C**. As ASP AMC is itself an LLC, its citizenship is similarly determined by the citizenship of its member.

14.    ASP AMC's sole member is CHPPR AcquisitionCo Inc. ("CHPPR AcquisitionCo"). M. Wall Decl. ¶¶ 4, **Exh. C**. CHPPR AcquisitionCo is a corporation incorporated under the laws of the State of Delaware. For purposes of 28 U.S.C. § 1332(c)(1), a corporation is a citizen of both its state of incorporation and the state

NOTICE OF REMOVAL TO UNITED
STATES DISTRICT COURT

50746138

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, California 90067-2918

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, California 90067-2918

where it has its principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010). CHPPR AcquisitionCo is incorporated in Delaware, and its principal place of business (i.e., its "nerve center," the place where the corporation's high-level officers direct, control, and coordinate the corporation's activities) is located in Colorado. *Id*.; M. Wall Decl. ¶¶ 4, **Exh. C**. CHPPR AcquisitionCo is therefore a citizen of Delaware and Colorado.

15. As such, Air Methods' sole member is ASP AMC, whose sole member is CHPPR AcquisitionCo, a Delaware corporation with its principal place of business in Colorado. Air Methods is therefore a citizen of Delaware and Colorado for purposes of diversity jurisdiction. Air Methods is not a citizen of California.

16. Defendant Steele is alleged in the Complaint to be a resident of Idaho. On information and belief, Steele is domiciled in Idaho and is therefore a citizen of Idaho for purposes of 28 U.S.C. § 1332. M. Wall Decl. ¶¶ 6, **Exh. C**.

17. Because Plaintiff is a citizen of California, Air Methods is a citizen of Delaware and Colorado, and Steele is a citizen of Idaho, no Defendant shares citizenship with Plaintiff. Complete diversity of citizenship therefore exists.

**B. The Amount in Controversy Exceeds $75,000**

18. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs, as required by 28 U.S.C. § 1332(a). Where, as here, the complaint does not allege a specific amount of damages, the defendant seeking removal need only show, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

19. Plaintiff's Complaint seeks compensatory damages for lost wages and benefits (past and future), emotional distress damages, punitive damages, statutory penalties under Cal. Lab. Code § 1102.5(f) in the amount of $10,000, and attorneys' fees and costs. At the time of her termination on September 2, 2025, Plaintiff earned $40.2319 per hour and worked approximately two twenty-four-hour shifts per week.

NOTICE OF REMOVAL TO UNITED
STATES DISTRICT COURT

50746138

Plaintiff's annual lost wages alone, based on her hourly rate, would reasonably be expected to exceed $75,000.

20. Moreover, Plaintiff seeks punitive damages on each of her five causes of action, alleging that Defendants' conduct was "despicable, oppressive, fraudulent, malicious, and done with wanton and reckless disregard of Plaintiff's rights." Punitive damages are included in the amount-in-controversy calculation. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001).

21. Additionally, an estimate of the total attorneys' fees expected to be sought is included when assessing whether the amount-in-controversy requirement is met. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155–56 (9th Cir. 1998). Here, Plaintiff seeks attorneys' fees under Cal. Gov. Code § 12965(b) and Cal. Lab. Code § 1102.5(j).

22. Taking into account Plaintiff's claims for lost wages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees, the amount in controversy in this action readily exceeds $75,000.

## V.    ADDITIONAL PLEADINGS AND HEARINGS

23. A true and correct copy of the Summons, Civil Case Cover Sheet, Certificate of Assignment and Notice of Trial Setting Conference and Notice of Case Assignment filed in the State Court Action is attached as **Exhibit D**.

24. Judge Khymberli S. Apaloo has set a Trial Setting Conference for July 13, 2026 at 8:30 a.m. in Department S25. See **Ex. D**. No other hearings or proceedings have been scheduled and no further orders have been entered in the State Court Action.

## VI.    NON-WAIVER OF DEFENSES AND PROCEDURAL REQUIREMENTS

25. The removal of this action to the Central District of California does not waive Defendant's ability to assert any defense in this action. Defendant does not concede or make any admissions relating to the merits and/or value of Plaintiff's allegations, claims or damages, or that Plaintiff has a valid cause of action.

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

50746138

26. Defendant is serving a copy of this Notice of Removal on all adverse parties (i.e., Plaintiff via their counsel) and is filing a copy with the clerk of the State Court pursuant to 28 U.S.C. Section 1446(d). A true and correct copy of the Notice to Plaintiff of Removal (without exhibits) is attached to this Notice as **Exhibit E**.

27. This Notice of Removal is signed pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See* 28 U.S.C. § 1446(a).

<u>**CONCLUSION**</u>

WHEREFORE, Defendant respectfully removes the State Court Action from the state court in which it was filed to the United States District Court, in and for the Central District of California, and further requests that this Honorable Court issue all necessary orders and process and grant such other and further relief as in law and justice that Defendant may be entitled to receive.

Dated: March 18, 2026

BROWNSTEIN HYATT FARBER SCHRECK, LLP

By: /s/ Lucas E. Garcia
Lucas E. Garcia
Attorneys for Defendant
AIR METHODS, LLC

BROWNSTEIN HYATT FARBER SCHRECK, LLP
Attorneys at Law
2029 Century Park East, Suite 950
Los Angeles, California 90067-2918

NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT

- 7 -

50746138